Estate of John Kirchler, Deceased, Bessie Kirchler, Executrix, et al. [1] v. Commissioner. Estate of Kirchler v. Commissioner
Docket Nos. 5491-68 SC-5493-68 SC,
United States Tax Court
T.C. Memo 1970-9; 1970 Tax Ct. Memo LEXIS 350; 29 T.C.M. (CCH) 17; T.C.M. (RIA) 70009; January 14, 1970, Filed. *350 Jack Keyes, 720 N. 18th St., Bessemer, Ala., for the petitioners. Robert D. Hoffman, for the respondent. 18 QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: The cases involved deficiencies in income taxes for the year 1965 as follows: Estate of John Kirchler
$298.38
Bessie Kirchler
242.00
Annie Kirchler
256.02
The cases were consolidated for trial and decision. On motion of the respondent, without objection on the part of petitioners' counsel, the cases were transferred to the Small Claims calendar, and the filing of briefs was waived. John Kirchler died testate on June 4, 1966, and at the time of his death was a resident of Birmingham, Alabama. His sister, Bessie Kirchler, was appointed executrix under his will and qualified as such on July 5, 1966. The only issue involved relates to a determination of the fair market value as of July 3, 1948, of certain property designated as Lot 15, Block 78, of the Elyton Land Survey, known as 2116 North Third Avenue, Birmingham, Alabama. The cases were submitted on stipulation of facts supplemented by proof with respect to the question of the value. The facts are found as stipulated. *351 John Kirchler, Bessie Kirchler, and Annie Kirchler, sometimes hereinafter referred to as petitioners, were the children of Alois Kirchler who died July 3, 1948. The petitioners each received a one-third interest as tenants in common in the property of Alois Kirchler, described as Lot 15, Block 78, of Elyton Land Survey, Birmingham, Jefferson County, Alabama, sometimes hereinafter referred to as the property. Neither a federal estate tax return nor an Alabama inheritance tax return was filed by the estate of Alois Kirchler. John Kirchler, Bessie Kirchler and Annie Kirchler were residents of Birmingham, Alabama, and duly filed their income tax returns for the taxable year 1965 with the district director of internal revenue at Birmingham. In each of those returns, petitioners claimed that the fair market value of the property in question as of July 3, 1948 was not less than $20,000. Accordingly, the petitioners reported that there was no gain or loss resulting from the condemnation of such property for $20,000 in 1965. In his notice of deficiency, the respondent determined the fair market value of the property as of July 3, 1948, to be used as the basis for the purpose of determining *352 gain or loss from the subsequent disposition of the property, was $11,000. The resulting gain gave rise to the deficiencies in question. The petitioners presented evidence with respect to the character of the property during the period of their ownership, together with evidence of sales of property within the same block of Third Avenue. After considering all of this evidence, the Court finds that the fair market value of the property known as 2116 North Third Avenue, Birmingham, Alabama, as of July 3, 1948, was $12,750. Decision will be entered under Rule 50. Footnotes
1. Cases of the following petitioners are consolidated herewith: Bessie Kirchler, docket No. 5492-68 SC, and Annie Kirchler, docket No. 5493-68 SC.↩